**FILED**
**Jun 16, 2020**
**09:42 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Talisha Bloodsaw,** | ) | **Docket No. 2019-01-0653** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Alexian Brothers Community** | ) | |
| **Services d/b/a Alexian Brothers** | ) | **State File No. 5799-2019** |
| **PACE,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **Ascension Health,** | ) | **Judge Audrey A. Headrick** |
| **Self-Insured Parent Co.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Talisha Bloodsaw allegedly injured her chest wall while assisting a patient. She then sought emergent care for her injuries, which Alexian Brothers refused to pay. Following an Expedited Hearing, the Court holds she is not entitled to the requested benefit.

### History of Claim

Ms. Bloodsaw, a PACE driver, allegedly injured her chest wall on July 18, 2019, when she prevented a patient from falling and assisted him into a seated walker with the help of the patient's daughter, Debra Wooten.[1]

The parties' testimony differs regarding the alleged incident. Ms. Bloodsaw said she injured herself during the incident; however, Ms. Wooten testified by affidavit that Ms. Bloodsaw refused to assist her and did not touch her father.

---

[1] As a PACE driver, Ms. Bloodsaw's job duties required her to pick up patients and transport them to a geriatric daycare.

Likewise, the testimony differs regarding the events that occurred after Ms. Bloodsaw left the patient's house and returned with a wheelchair. Terry Black, her supervisor, testified that he accompanied her to the patient's house, where they found him on the floor. Ms. Bloodsaw stated she lifted the patient using his pants and gait belt to guide him into the wheelchair. Conversely, Mr. Black and Ms. Wooten testified that Ms. Bloodsaw did not touch the patient or assist them in any way when they lifted and placed him into the wheelchair.

The next day, Ms. Bloodsaw became ill after eating breakfast out with her co-workers. Upon arriving at PACE, Mr. Black took Ms. Bloodsaw to the onsite clinic, where she refused testing. Mr. Black told her to go to the hospital if her condition worsened.

Ms. Bloodsaw immediately left work and sought emergency treatment later that day. The emergency room record, which she disputed, noted that she reported her symptoms started at 10:00 a.m. "while on [a] bus." The provider diagnosed nonspecific chest pain. Ms. Bloodsaw testified that she told the discharge person that she injured herself while lifting a patient, but the records do not document that conversation.

The testimony also differed about when Ms. Bloodsaw reported the alleged work injury and emergency treatment to Mr. Black. Ms. Bloodsaw testified she left voice messages on Mr. Black's work and cell phones over the weekend to tell him that she went to the hospital. She also stated she reported her injury to Mr. Black on July 22, but her affidavit says she provided notice on July 23. Mr. Black stated that Ms. Bloodsaw reported a work injury on July 22.

After Ms. Bloodsaw reported the injury, PACE provided a panel of physicians. Ms. Bloodsaw told the authorized physician she was "lifting a patient on 7/18/19 at about 10:00 a.m. and . . . the patient fell and took [her] down."

After investigating, PACE denied Ms. Bloodsaw's claim asserting that the alleged incident on July 18 did not occur.

### Findings of Fact and Conclusions of Law
*Standard Applied*

Ms. Bloodsaw must present sufficient evidence demonstrating she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she did not satisfy this burden.

*Analysis*

To prove a compensable injury, Ms. Bloodsaw must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must show that the injury was caused by a specific work-related incident, or set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A).

The preliminary question the Court must address is whether Ms. Bloodsaw presented sufficient evidence to establish the occurrence of a specific incident on July 18, 2019. *See Burleson v. Germantown Partners Supercuts,* 2017 TN Wrk. Comp. App. Bd. LEXIS 49, at *9-10 (Aug. 15, 2017). The Court holds she did not.

The conflicting testimony from Ms. Bloodsaw, Mr. Black, and Ms. Wooten suggests that a work-related incident did not occur on July 18. Ms. Bloodsaw testified that she prevented a patient from falling and assisted him onto a seated walker with the assistance of Ms. Wooten. She also testified she later lifted the patient into a wheelchair by grabbing his pants and gait belt. Conversely, Mr. Black and Ms. Wooten testified that Ms. Bloodsaw did not touch the patient or assist them in any way on July 18. Likewise, the July 19 emergency records immediately following the alleged incident do not mention a work injury. Instead, the records reflect a diagnosis of non-specific chest pain. The records from the authorized physician provide a differing history regarding a patient who fell and "took [Ms. Bloodsaw] down." Given the conflicting testimony and evidence, the Court finds no corroboration of Ms. Bloodsaw's testimony concerning the alleged work-related incident.

Accordingly, the Court holds Ms. Bloodsaw failed to demonstrate that she is likely to prevail at a hearing on the merits that she is entitled to payment for her emergent care.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Bloodsaw's requested relief.

2. This case is set for a Status Hearing on **Friday, August 14, 2020**, at **2:00 p.m. Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED June 16, 2020.**

*Audrey Headrick*_____
**JUDGE AUDREY A. HEADRICK**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Talisha Bloodsaw
2. Affidavit of Terry Black
3. Affidavit of Debra Wooten
4. Memorial Hospital records
5. Workforce Corporation Health records
6. Affidavit of Stephanie Parker
7. Workforce Corporate Health August 27, 2019 record
8. Memorial Hospital bill (Identification Only)

Technical record:
1. Petition for Benefit Determination
2. Notice of Appearance
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Notice of No Objection
6. Order Setting Claim for Expedited Hearing
7. Notice of Efforts to Schedule Expedited Hearing
8. Motion to Reconsider
9. Amended Order Setting Claim for Expedited Hearing
10. Notice of Expedited Hearing
11. Employer's Statement
12. Employer's and Insurance Carrier's Witness and Exhibit List
13. Notice

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 16, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Talisha Bloodsaw, Employee | X | X | 4108 Gayle Drive<br>Chattanooga, TN 37411<br>talishabloodsaw@gmail.com |
| Lee Anne Murray, Employer's Attorney | | X | leeamurray@feeneymurray.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*